INHABITANTS OF WINTERPORT *versus* INHABITANTS OF FRANKFORT.

When part of a town is set off and incorporated into a new town, and no provision is made in the act for the support of such paupers in the old town as have no settlement in the State, they must be supported by the town in which they are, when the support is given, and no action can be maintained by one of the towns against the other for reimbursement.

ON AGREED STATEMENT. ASSUMPSIT to recover money expended in support of one Doyle, who, it was agreed, had no legal settlement in the State, but before and at the time of the division of the old town of Frankfort was supported by it, at the town farm, which is in the plaintiff town.

*N. H. Hubbard*, for plaintiffs.

Before the division, Frankfort was under legal obligation to support this pauper, and no change was made in this respect by the Act of incorporation.

*W. G. Crosby*, for defendants.

The opinion of the Court was drawn up by

APPLETON, C. J.—The town of Winterport was incorporated out of part of the town of Frankfort.

The liabilities of these towns for the support of paupers must be decided by the general pauper law of the State, or by the special Act creating the new town. They are not liable at common law.

The plaintiffs cannot recover under the general law relating to paupers, because it is conceded that the pauper Doyle had no settlement in the defendant town.

The plaintiffs cannot recover under the Act of 1860, c. 422, incorporating the town of Winterport, — because the obligation thereafter to support those now chargeable as paupers in Frankfort, and not having a settlement therein, is not specially imposed on the defendant town.

The Act, c. 422, § 3, so far as it relates to paupers, is in these words, — "the inhabitants of Winterport shall support all persons now chargeable as paupers in Frankfort, whose legal settlement is within the limits of Winterport; and all persons hereafter becoming chargeable shall belong to that town, in the territory of which they shall then have their legal settlement, whether direct or derivative."

It will be perceived, that, as between these towns, the obligation of providing for those situated similarly to the pauper in question is not thereby imposed upon either town. The plaintiff town has no better right to recover of the defendants than would any other town have, in which she might receive support. That is, the defendant town is not liable, because the pauper has no settlement therein. *Holden* v. *Brewer*, 38 Maine, 472. This must be regarded as a *casus omissus*, for which no provision has been made in the Act of incorporation, though it is otherwise in some of the Acts of incorporation cited by the counsel for the defendants.                    *Action to stand for trial.*

Cutting, Kent, Walton, Barrows and Danforth, JJ., concurred.